**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | | |
|---|---|---|
| **JENNIFER ROESNER,** | § | |
| **INDIVIDUALLY AND AS NEXT** | § | |
| **FRIEND OF C. J., a Minor** | § | |
| | § | |
| *Plaintiffs,* | § | |
| | § | **CIVIL ACTION NO. 1:17-cv-1058** |
| **vs.** | § | **JURY TRIAL DEMANDED** |
| | § | |
| **ERICK D. MEJIA VARELA AND** | § | |
| **HOBBY LOBBY STORES, INC.,** | § | |
| | § | |
| *Defendants.* | § | |

# DEFENDANTS HOBBY LOBBY STORES, INC.'S
# NOTICE OF REMOVAL

Pursuant to 28 U.S.C. § 1441, Defendant, HOBBY LOBBY STORES, INC. ("HOBBY LOBBY") hereby removes to this Court, the state court action described in Paragraph 1 below. Pursuant to 28 U.S.C. § 1446(a), Defendant sets forth the following "short and plain statement of the grounds for removal."

## I.
## THE REMOVED CASE

1.     The removed case is a civil action filed with the 495th Judicial District Court of Travis County, Texas, on October 11, 2017, styled *Jennifer Roesner, Individually and as Next Friend of C.J.,[1] a Minor*, Cause No. D-1-GN-17-005664 (the "State Court Action").

---

[1] Defendant changed the name to initials to protect the Minor Plaintiff's identity.

## II.
## DOCUMENTS FROM REMOVED ACTION

2.      Pursuant to FEDERAL RULE OF CIVIL PROCEDURE 81 and 28 U.S.C. §

1446(a), Defendant attaches the following documents to this Notice of Removal:

(a)     A list of all parties in the case, their party type and current status;

(b)     a civil cover sheet and certified copy of the state court docket sheet; a copy of all pleadings that assert causes of action (e.g., complaints, amended complaints, supplemental complaints, petitions, counter-claims, cross-actions, third party actions, interventions, etc.); all answers to such pleadings and a copy of all process and orders served upon the party removing the case to this court, as required by 28 U.S.C. § 1446(a);

(c)     a complete list of attorneys involved in the action being removed, including each attorney's bar number, address, telephone number and party or parties represented by him/her;

(d)     A record of which parties have requested trial by jury; and

(e)     The name and address of the court from which the case is being removed.

These documents are attached to this Notice of Removal as ***Exhibit A.***

## III.
## REMOVAL PROCEDURE

3.      Except as otherwise expressly provided by Act of Congress, any civil

action brought in a State Court of which the district courts of the United States

have original jurisdiction may be removed to the district court of the United States

for the district and division embracing the place where the action is pending. 28

U.S.C. § 1441. The Austin Division of the Western District Court of Texas is the

United States district and division embracing Travis County, Texas, the county in

which the State Court Action is pending.

4.     HOBBY LOBBY was served with a copy of Plaintiffs' Original Petition ("Petition") on October 12, 2017. Therefore, this Notice of Removal is filed within the time limits specified in 28 U.S.C. § 1446(b).

5.     Pursuant to 28 U.S.C. § 1446(a), true and correct copies of all process, pleadings and orders in the State Court Action as of the date of this pleading are attached hereto as **_Exhibit B_** and incorporated herein for all purposes.

6.     Defendant will promptly give all parties written notice of the filing of this Notice of Removal and will promptly file a copy of this Notice of Removal with the Clerk of the 459th Judicial District Court of Travis County, Texas, where the action is currently pending.

## IV.
## <u>VENUE IS PROPER</u>

7.     The United States District Court for the Western District of Texas, Austin Division, is the proper venue for removal of the state court action pursuant to 28 U.S.C. § 1441(a) because the 459th Judicial District Court of Travis County, Texas, is located within the jurisdiction of the United States District Court for the Western District of Texas, Austin Division.

## V.
## DIVERSITY JURISDICTION EXISTS
## <u>THE IMPROPER JOINDER OF ERICK D. MEJIA VARELA</u>

8.     This is a civil action relating to a motor vehicle collision that falls under the Court's original jurisdiction pursuant to 28 U.S.C. § 1332 and is one that may be removed to this Court based on diversity of citizenship in accordance with

28 U.S.C. §§ 1441 and 1446. As admitted in the Petition, Plaintiffs resides in the State of Maryland and are domiciled there.[2]

9.      HOBBY LOBBY STORES, INC., is a foreign corporation formed under the laws of the State of Oklahoma. HOBBY LOBBY's primary place of business is in Oklahoma City, Oklahoma. Pursuant to 28 U.S.C. § 1332(c)(1), HOBBY LOBBY is not a citizen of the State of Texas.

10.     Defendant Erick D. Mejia Varela ("Varela") has not been served with process in this matter. However, Plaintiffs allege in the Petition that Varela is a resident of Bexar County, Texas. HOBBY LOBBY contends that Varela has been improperly joined as a Defendant in this lawsuit in order to defeat diversity jurisdiction. Varela was named in the State Court Action solely in his capacity as an employee of Defendant HOBBY LOBBY and he is not a necessary party to this lawsuit.

11.     It is well-settled in the Fifth Circuit that improper joinder may be established by either "(1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court."[3] To determine whether a non-diverse defendant is improperly joined, this Court must analyze whether the Defendant has demonstrated that there is no possibility of recovery by the Plaintiffs against the non-diverse Defendant, which stated differently means "that there is no reasonable basis for the district court to

---

[2] *Id.* Plaintiffs' Original Petition at p. 1, ¶3.
[3] *Smallwood v. Ill. Cent. R.R. Co.*, 385 F .3d 568, 573 (5th Cir.2004) (en banc)(citation omitted).

predict that the plaintiff might be able to recover against [it]."[4] There must be a reasonable possibility of recovery, not merely a theoretical one.[5]

12.     In analyzing whether a plaintiff has demonstrated a reasonable possibility of recovery, this Court may "conduct a Rule 12(b)(6)-type analysis, looking initially at the allegations of the [petition] to determine whether the [petition] states a claim under state law against the in-state defendant," or "the district court may, in its discretion, pierce the pleadings and conduct a summary inquiry."[6] In so doing, however, the court "takes into account all unchallenged factual allegations, including those alleged in the complaint, in the light most favorable to the plaintiff."[7] The inquiry does not end there however, because "[t]he focus of the inquiry must be on the joinder itself, not the merits of the plaintiff's case."[8]

13.     Plaintiffs have alleged individual claims of negligence and negligence per se against HOBBY LOBBY employee, Varela.[9] While this Court need not look at the merits of Plaintiffs' claims against Varela, should the Court review the facts of these claims under a Rule 12(b)(6) summary standard, HOBBY LOBBY contends that Plaintiffs have no reasonable probability of an actual recovery against Varela in his individual capacity.[10]

---

[4] *Id.*, 385 F.3d at 573.

[5] *Campbell v. Stone Ins., Inc.*, 509 F.3d 665, 669 (5th Cir.2007)(quotation marks and citation omitted).

[6] *Smallwood,* 385 F.3d at 573

[7] *Travis v. Irby,* 326 F.3d 644, 649 (5th Cir.2003).

[8] *Smallwood,* 385 F.3d at 573.

[9] *See* Petition at p. 3-4.

[10] *See, e.g.*, *Wilson v. Republic Iron & Steel, Co., 257 U.S. 92*, 98–99 (1921); (upholding the district court's removal jurisdiction where the joinder of a local defendant was a sham); *Tedder v. F.M.C.*

14.     Plaintiffs allege that "[a]t the time of the collision, Defendant Varela was in the ***course and scope of his employment*** with Defendant HOBBY LOBBY Stores, Inc."[11] Plaintiffs' negligence and negligence per se causes of action against Varela, the only non-diverse Defendant in this lawsuit, are dependent upon his status and his actions as an employee driver for Defendant HOBBY LOBBY. To establish a negligence cause of action, the plaintiff must show a duty, a breach of that duty, and damages proximately caused by the breach.[12] Whether a duty exists is a threshold inquiry and a question of law and liability cannot be imposed on the defendant, here non-diverse Defendant Varela, if no duty exists.[13] The Texas Supreme Court provided guidance for this analysis in *Tri v. J.T.T.*[14] In that case the Court held that a negligence finding against an individual does not automatically result in individual liability when the individual was acting as the ***agent or employee of a corporation***. Corporations can, of course, only act through individuals.[15] Varela's actions as an individual are distinctly intertwined with his employment by HOBBY LOBBY. Succinctly put, any duty owed by Varela is not an independent one that exists outside of the duties he was performing while in the course and scope of his employment with HOBBY LOBBY, which owns the vehicle

---

*Corp.*, 590 F.2d 115, 117 (5th Cir. 1979) (if claim against a local defendant is deemed fraudulent, lack of diversity will not prevent removal); *Wamco v. Casa Grande* 314 F. Supp. 2d 655 at 658 (citing *Travis v. Irby*, 326 F.3d 644, 648 (5th Cir. 2003) for the proposition that "[i]f there is arguably a reasonable basis for predicting that the state law might impose liability on the facts involved, then there is no [improper] joinder.   This possibility, however, must be reasonable, not merely theoretical.")

[11] *See* Petition at p. 2, ¶ 7. (emphasis added).

[12] *Kroger Co. v. Elwood*, 197 S.W.3d 793, 794 (Tex. 2006).

[13] *Van Horn v. Chambers*, 970 S.W.2d 542, 544 (Tex. 1998).

[14] 162 S.W.3d 552 (Tex. 2005).

[15] *Tri v. J.T.T.,* 162 S.W.3d 552, 562-63 (Tex. 2005). (emphasis added).

Varela was driving at the time of the collision that forms the basis of this lawsuit. Thus, the improper joinder doctrine prevents Plaintiff from defeating federal diversity jurisdiction simply by naming a non-diverse Defendant.[16]

15.    Furthermore, Plaintiffs also assert causes of action for negligent entrustment, *respondeat superior,* and negligent hiring, training, retention and supervision against HOBBY LOBBY.[17] Those particular negligence claims arise from the employer/employee relationship between HOBBY LOBBY and Varela.  This is supported in Plaintiffs' pleading which states, (1) "HOBBY LOBBY negligently entrusted their [sic] vehicle to Defendant Varela;"[18] (2) "HOBBY LOBBY was negligent in hiring, training, retaining and supervising Defendant Varela as a commercial motor vehicle driver/operator;"[19] and that (3) Defendant Valera was the authorized agent, servant, employee, or independent contractor of Defendant HOBBY LOBBY and was acting on behalf and in furtherance of the business of HOBBY LOBBY.[20]  Each of these causes of action point to alleged acts by HOBBY LOBBY in connection with its employment of Varela.

16.    Lastly, as of the time of the filing of this Removal, Defendant Varela has not been served with process in the State Court Action. As such, Defendant Varela has been improperly joined and his citizenship should be disregarded for purposes of determining jurisdiction. Therefore, because Plaintiffs are residents of

---

[16] *Salazar v. Allstate Tex. Lloyd's, Inc.* 455 F.3d 571, 574 (5th Cir. 2006).
[17] *See* Petition at p. 4-5.
[18] *Id.* at p. 4.
[19] *Id.* at p. 4-5.
[20] *Id.* at p. 4.

the State of Maryland and Defendant HOBBY LOBBY is a resident of the State of Oklahoma, complete diversity of citizenship exists pursuant to 28 U.S.C. § 1332.

## VI.
## THE AMOUNT IN CONTROVERSY REQUIREMENT IS SATISFIED

1.     Plaintiffs allege in their Petition that they seek monetary relief "over $1,000,000."[21] Based on the aforementioned facts, the State Court Action may be removed to this Court by HOBBY LOBBY in accordance with the provisions of 28 U.S.C. § 1441(a) because: (i) this is a civil action pending within the jurisdiction of the United States District Court for the Western District of Texas; (ii) this action is between citizens of different states; and (iii) the amount in controversy as pled by the Plaintiffs, exceeds $75,000, exclusive of interest and costs.

## VII.
## FILING OF REMOVAL PAPERS

13.     Pursuant to 28 U.S.C. § 1446(d), Defendant is providing written notice of the filing of this Notice of Removal to all counsel of record and is filing a copy of this Notice with the Clerk of the 459th Judicial District Court of Travis County, Texas, in which this action was originally commenced.

---

[21] *See,* Petition at p. 1.

# VIII.
## <u>CONCLUSION</u>

14.     Defendant HOBBY LOBBY STORES, INC. hereby removes the above-captioned action from the 459th Judicial District Court of Travis County, Texas, and requests that further proceedings be conducted in the United States District Court for the Western District of Texas, Austin Division, as provided by law.


Respectfully submitted,

**KANE RUSSELL COLEMAN LOGAN PC**
5051 Westheimer, Road, Suite 1000
Houston, Texas 77056
713.425.7400 / Fax: 713.425.7700

By: _s/ Kevin P. Riley_
        Kevin P. Riley
        _Attorney-in-Charge_
        State Bar No. 16929100
        E-Mail: kriley@krcl.com
        -and-
        Zach T. Mayer
        State Bar No. 24013118
        E-Mail: zmayer@krcl.com
        Robin R. Gant
        State Bar No. 24069754
        E-Mail: rgant@krcl.com
        1601 Elm Street, Suite 3700
        Dallas, Texas 75201
        214.777.4200 / Fax: 214.777.4299

**ATTORNEYS FOR DEFENDANT**
**HOBBY LOBBY Stores, INC.**

## CERTIFICATE OF SERVICE

The undersigned does hereby certify that on November 9, 2017, the foregoing *Notice of Removal* was electronically filed, as required by the United States District Court for the Western District of Texas, using the Court's CM/ECF filing system, which will provide notice and a copy of this document, with attachments, to the following, who are indicated to be registered ECF filers in the United States District Court for the Western District of Texas:

JASON B. MCMINN
JUSTIN D. MCMINN
MCMINN LAW FIRM
502 W. 14TH STREET
Austin, TEXAS 745901

**COUNSEL FOR PLAINTIFFS**

☐ E-Mail(jmcmin@mcminnlaw.com, jcmcminn@mcminnlaw.com )
☐ HAND DELIVERY
☐ FACSIMILE
☐ OVERNIGHT MAIL
☐ REGULAR, FIRST CLASS MAIL
☒ CM/ECF
☐ E-SERVICE ONLY
☐ CERTIFIED MAIL/RETURN RECEIPT REQUESTED

*s/ Kevin P. Riley*
Kevin P. Riley